**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MANUEL DE JESUS MATZAR NIX, | No. 10-71565 |
| Petitioner, | Agency No. A070-818-961 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 13, 2012[**]

Before:     CANBY, TROTT, and W. FLETCHER, Circuit Judges.

Manuel De Jesus Matzar Nix, a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' ("BIA") order denying his

motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. §

1252. We review for abuse of discretion the denial of a motion to reopen, *Toufighi*

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*v. Mukasey*, 538 F.3d 988, 992 (9th Cir. 2008), and we deny the petition for review.

The BIA did not abuse its discretion in denying Nix's motion to reopen as untimely where the motion was filed over twelve years after the agency's final order, *see* 8 C.F.R. § 1003.2(c)(2), and Nix failed to demonstrate changed circumstances in Guatemala to qualify for the regulatory exception to the time limit for filing motions to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Toufighi*, 538 F.3d at 996 (requiring movant to produce material evidence of change in the country of origin that would establish prima facie eligibility for relief). Further, the agency did not abuse its discretion in declining to equitably toll the filing deadline based on Nix's claim of ineffective assistance of counsel, because Nix failed to show he acted with due diligence during the twelve years since the final administrative decision. *See Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (equitable tolling is available where petitioner is prevented from filing because of deception, fraud, or error, as long as petitioner exercised due diligence in discovering such circumstances); *see also Iturribarria v. INS,* 321 F.3d 889, 897 (9th Cir. 2003) (due diligence required for a motion to reopen deportation proceedings based on ineffective assistance).

**PETITION FOR REVIEW DENIED.**

10-71565